IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO GARCIA,

    Plaintiff,

vs.                                           No. CV 18-01117 JCH/JFR

CONROE JEROME "MIKE" JIMENEZ,
DORRIUS (DORA) LEE JIMENEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Prisoner Civil Rights Complaint filed by Plaintiff Alejandro Garcia. (Doc. 1). The Court will dismiss the Complaint for lack of federal subject matter jurisdiction.[1]

### I. Factual and Procedural Background

Plaintiff Alejandro Garcia filed his Complaint on November 28, 2018. (Doc. 1). Plaintiff Garcia is a prisoner incarcerated at the East Texas Treatment Multi-Use Facility, Texas Department of Criminal Justice, in Henderson, Texas. (Doc. 17 at 2). Garcia names Conroe Jerome "Mike" Jimenez and Dorrius (Dora) Lee Jimenez as Defendants. (Doc. 1 at 3). Plaintiff Garcia alleges that Defendants are the owners of "Phoenix Covair" in Santa Teresa, New Mexico. (Doc. 1 at 3). He claims:

"invasion of privacy, illegal wiretapp, harrassing. . . .

---

[1] The Court notes that, even assuming proper jurisdiction, the claims in this case still would be subject to dismissal as frivolous and delusional under 28 U.S.C. § 1915(e)(2)(B) and for failure to state a claim for § 1983 relief under Fed. R. Civ. P. 12(b)(6) (*see Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998) (action under color of law is both a jurisdictional prerequisite and an element of a § 1983 claim)).

> That is happening to me right now, the illegal and very
> deadly wire tapp is runned with electricity, which can
> kill a person."

(Doc. 1 at 3-4) (errors in the original). In his request for relief, Plaintiff states:

> "I need the trial cause number, have an attachment of all their
> personal property, and also their real estate records, home and
> business, put a hold/freeze on their accounts, to be highly
> compensated."

(Doc. 1 at 4). Plaintiff has sent the Court numerous letters raising concerns as to how his Complaint came to be filed in this Court and that the use of Court employee's initials on the Court docket constitutes some sort of secret code. (Doc. 3, 8, 9, 11, 13, 14). Plaintiff also filed a letter motion stating:

> "I want to press full criminal charges on Phoenix Covair
> owners in Santa Teresa, New Mexico 87103. (505) 748-9800
> for Illegal Deadly Wire Tapp, Invasion of Privacy, Harassment,
> Tortue Devise, Fret Pack and the most important Terroist
> Act on A American that is happening to me."

(Doc. 5) (errors in the original). In his most recent filing, Garcia claims:

> 'Also I Alejandro Garcia #1545719 am letting this court
> know that I am Alejandro Garcia #1545719 Also Donald
> J. Trump United States of America President of the United
> States. . .I need for you to please get me out on a full pardon
> from the program I am at MTC. I am serious, I 've got all
> my magazines here with me. I got all kinds of proof. What it
> is nobody knows who I am. I need your help. Thank you
> Alejandro Garcia #1545719 Aka: Donald J. Trump."

(Doc. 17).

## II. **Action Under Color of State Law is a Jurisdictional Prerequisite for a § 1983 Action**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which

a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Section 1983, liability attaches only to conduct occurring "under color of law." Thus, the only proper defendants in a Section 1983 claim are those who " 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape,* 365 U.S. 167, 172 (1961)). Accordingly, the conduct that constitutes state action under the Fourth and Fourteenth Amendments necessarily constitutes conduct "under color of law" pursuant to Section 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 935 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981).

A showing that defendants were acting "under color of state law" is a jurisdictional prerequisite for a § 1983 action. *Polk Cnty. v. Dodson,* 454 U.S. at 315. The only proper defendants in a § 1983 claim are state officials. *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1447 (10th Cir.1995). To establish subject matter jurisdiction for a civil rights action, the plaintiff must show that the defendant acted under color of state law. *See* 28 U.S.C. § 1343(3).

### III. Plaintiff Does Not Allege Action Under Color of State Law

The only two Defendants named in this action are Conroe Jerome "Mike" Jimenez and Dorrius (Dora) Lee Jimenez. Plaintiff Garcia does not claim that either of the Defendants are government officials, nor does he allege that either one acted under color of any state law. Instead, he appears to claim that they are the owners of a private business, "Phoenix Covair," and he seeks to attach their personal and business property and freeze their accounts. (Doc. 1 at 3-4).

The record is unclear as to the actual existence of any individuals named Conroe Jerome "Mike" Jimenez and Dorrius (Dora) Lee Jimenez or any business called "Phoenix Covair" in Santa Teresa, New Mexico.[2] However, even assuming that such individuals and business do exist, in the absence of any allegation that they are government officials acting under color of state law, they are not proper parties and the Complaint fails to establish § 1983 jurisdiction. *Polk Cnty. v. Dodson,* 454 U.S. at 315; *Gallagher v. Neil Young Freedom Concert,* 49 F.3d at 1447. The Court lacks federal subject matter jurisdiction and will dismiss the Complaint.

**IT IS ORDERED** that Plaintiff Alejandro Garcia's Prisoner's Civil Rights Complaint is **DISMISSED** for lack of subject matter jurisdiction.

_____
United States District Court Judge

---

[2] The zip code given by Plaintiff for the address of "Phoenix Covair" in Santa Teresa is actually an Albuquerque, New Mexico zip code and the telephone number is not associated with any individual or business identified in the Complaint. (*See* Doc. 5).