IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO GARCIA,

      Plaintiff,

vs.                                              No. CV 18-01117 JCH/JFR

CONROE JEROME "MIKE" JIMENEZ,
DORRIUS (DORA) LEE JIMENEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR LEAVE TO PROCEED
ON APPEAL PURSUANT TO 28 U.S.C. § 1915 AND FED. R. APP. P. 24**

**THIS MATTER** is before the Court on Plaintiff Alejandro Garcia's letter motion to proceed on appeal without prepayment of fees filed October 31, 2019 (Doc. 31) ("Motion"). For the reasons set out, below, the Court will **DENY** Plaintiff Garcia's Motion.

### I. Factual and Procedural Background

Plaintiff Alejandro Garcia filed a Complaint raising civil rights claims under 42 U.S.C. § 1983 on November 28, 2018. (Doc. 1). At the time of filing of his Complaint, Plaintiff Garcia was a prisoner incarcerated at the East Texas Treatment Multi-Use Facility, Texas Department of Criminal Justice, in Henderson, Texas. (Doc. 17 at 2). Garcia named Conroe Jerome "Mike" Jimenez and Dorrius (Dora) Lee Jimenez as Defendants. (Doc. 1 at 3). Plaintiff Garcia alleged that Defendants are the owners of "Phoenix Covair" in Santa Teresa, New Mexico. (Doc. 1 at 3). He claimed:

> "invasion of privacy, illegal wiretapp, harrassing. . . .
> That is happening to me right now, the illegal and very
> deadly wire tapp is runned with electricity, which can

1

kill a person."

(Doc. 1 at 3-4) (errors in the original). In his request for relief, Plaintiff stated:

> "I need the trial cause number, have an attachment of all their personal property, and also their real estate records, home and business, put a hold/freeze on their accounts, to be highly compensated."

(Doc. 1 at 4). Plaintiff sent the Court numerous letters raising concerns as to how his Complaint came to be filed in this Court and that the use of Court employee's initials on the Court docket constitutes some sort of secret code. (Doc. 3, 8, 9, 11, 13, 14). Plaintiff also filed a letter motion stating:

> "I want to press full criminal charges on Phoenix Covair owners in Santa Teresa, New Mexico 87103. (505) 748-9800 for Illegal Deadly Wire Tapp, Invasion of Privacy, Harassment, Tortue Devise, Fret Pack and the most important Terrorist Act on A American that is happening to me."

(Doc. 5) (errors in the original). Garcia also claimed:

> 'Also I Alejandro Garcia #1545719 am letting this court know that I am Alejandro Garcia #1545719 Also Donald J. Trump United States of America President of the United States. . .I need for you to please get me out on a full pardon from the program I am at MTC. I am serious, I 've got all my magazines here with me. I got all kinds of proof. What it is nobody knows who I am. I need your help. Thank you Alejandro Garcia #1545719 Aka: Donald J. Trump."

(Doc. 17).

On June 28, 2019, the Court entered its Memorandum Opinion and Order and its Judgment dismissing Plaintiff Garcia's Complaint without prejudice for lack of subject matter jurisdiction. (Doc. 18, 19). The Court ruled that, in the absence of any allegation that any Defendant is a government official acting under color of state law, Defendants are not proper parties and the Complaint fails to establish § 1983 jurisdiction. *Polk Cnty. v. Dodson*, 454 U.S. 312, 315, 317–18

(1981); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). (Doc. 18). The Court's Memorandum Opinion and Order and the Judgment were sent to Plaintiff at his address of record. (Doc. 18, 19). There is nothing in the record to suggest that the Memorandum Opinion and Order and the Judgment were not delivered to Plaintiff. The June 28, 2019 Memorandum Opinion and Order and the Judgment constituted a final disposition of this case.

Following the dismissal of this case, Plaintiff sent the Court six letters demanding that the Court provide him answers to various questions. (Doc. 20, 21, 22, 23, 24, 25). The letters sent by Plaintiff were in disregard of the Court's Case Management Order directing Plaintiff not to submit letters to the Court. (Doc. 16 at 3). Among other questions, Plaintiff's letters inquire as to the status of the case and when he is "going to be highly compensated." *See, e.g.,* Doc. 25). The Court entered an Order on September 18, 2019, addressing Plaintiff's post-judgment letters and restricting Plaintiff from any further filings in the case other than a notice of appeal. (Doc. 26).

Plaintiff filed his Notice of Appeal on October 7, 2019. (Doc. 27). Plaintiff's Notice of Appeal, in its entirety, states:

> "I am # sending this Letter to the clerk of the court of JCH/JFR
> as a notice of a Immediate APPEAL
>
> > Alejandro Garcia
> > #1545719
> > also real name is
> > DONALD J TRUMP
> > UNITED STATES PRESIDENT
> > OF AMERICA"

(Doc. 27 at 1). Plaintiff's notice of appeal does not identify what ruling the appeal is taken from, nor does it set out any issues Plaintiff intends to raise on appeal.

Plaintiff submitted his letter Motion seeking leave to proceed on appeal without prepayment of fees on October 31, 2019. (Doc. 31). His Motion does not specify the issues he

intends to raise on appeal, nor does it include an affidavit or statement under penalty of perjury. The filing does include what appears to be a commissary purchase account statement showing $0 in transactions. (Doc. 31 at 2).

## II. Analysis of Plaintiff's Motion for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24

In his Motion, Plaintiff seeks to proceed on appeal without prepayment of fees or costs. (Doc. 31 at 1). Applications to proceed *in forma* pauperis on appeal are brought under the provisions of 28 U.S.C. § 1915 and Fed. R. App. P. 24. Section 1915 of Title 28 provides:

> "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure similarly states:

> "[A]ny party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>   (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>   (B) claims an entitlement to redress; and
>   (C) states the issues that the party intends to present on appeal."

Fed. R. Spp. P. 24(a)(1). Plaintiff Garcia's Motion does not comply with the formal requirements of § 1915 or Rule 24 for requesting leave to proceed *in forma pauperis*.

In determining whether to permit a party to proceed *in forma pauperis* on appeal, the Court must decide two questions: (1) whether the appeal is taken in good faith; and (2) whether the appellant has shown a financial inability to pay or give security for fees and costs. *See* 28

4

U.S.C. § 1915(a)(1) and (3). The burden is on the party seeking *in forma pauperis* status to show that he is raising reasoned and nonfrivolous issues on appeal and that he lacks the financial resources to pay or give security for the fees and costs of appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

### A. Whether the Appeal is Taken in Good Faith.

With respect to the first question, Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For purposes of § 1915(a)(3), a good faith appeal is one that presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999) (internal quotations omitted); *see also Coppedge v. United States,* 369 U.S. 438, 442-450 (1962). In determining good faith, the Court should not decide the merits of the issues on appeal but, instead, should only reach the question of whether the appellant has presented a reasoned and nonfrivolous argument. *See Ragan v. Cox,* 305 F.2d 58, 59-60 (10th Cir. 1962).

Neither Plaintiff's Notice of Appeal nor his Motion articulate any issues he may seek to raise on appeal. Further, to the extent Plaintiff may be appealing from the Court's June 28, 2019 Memorandum Opinion and Order, the appeal appears to be untimely. *See* Fed. R. App. P. 4. If, instead, Plaintiff is seeking to appeal from the Court's September 18, 2019 Order, the Notice and Motion, again, do not articulate any issues contesting the rulings in the September 18, 2019 Order. The Court concludes that Plaintiff fails to present any reasoned and nonfrivolous arguments on the law or facts in support of a any issue he might on appeal and certifies that the appeal is not taken in good faith for purposes of 28 U.S.C. § 1915.

### B. Whether the Appellant Has a Financial Inability to Pay.

The second question the Court must address in deciding whether to grant an application to proceed *in forma pauperis* is the appellant's financial inability to pay or give security for fees or costs on appeal. An appellant's motion must include an affidavit containing a statement "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff Garcia's Motion does not include a statement made under penalty of perjury that he is indigent, has no money to pay the cost for filing fees or any other court costs, or is otherwise unable to pay the fees or give security. (Doc. 66 at 1-2). Plaintiff's Motion does not meet the requirement of § 1915(a)(1). Plaintiff has not demonstrated a financial inability to pay or give security for fees or costs on appeal. Therefore, the Court will deny Plaintiff's Motion.

**IT IS ORDERED** Plaintiff Alejandro Garcia's letter motion for leave to proceed on appeal without prepayment of fees (Doc. 31) is **DENIED;** the Court **CERTIFIES** that the appeal is not taken in good faith, and the Court **DIRECTS** the Clerk to notify the Court of Appeals of this denial and certification.

_____
UNITED STATES DISTRICT JUDGE